Certain Underwriters at Lloyd's v BioEnergy Dev. Group LLC (2019 NY Slip Op 08779)





Certain Underwriters at Lloyd's v BioEnergy Dev. Group LLC


2019 NY Slip Op 08779


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10505 655792/17

[*1] Certain Underwriters at Lloyd's, et al., Plaintiffs-Respondents,
v
BioEnergy Development Group LLC, et al., Defendants-Appellants.


Anderson Kill P.C., New York (Robert M. Horkovich of counsel), for appellants.
Zelle LLP, New York (Matthew L. Gonzalez of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 22, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to dismiss the first counterclaim, unanimously reversed, on the law, with costs, and the motion denied.
The first counterclaim alleges breach of the insurance policies' escalation clauses and breach of the implied duty of good faith and fair dealing. Plaintiffs did not move to dismiss the breach of contract part of the counterclaim, and the motion court did not address that part of the counterclaim. Thus, the breach of contract part of the counterclaim should not be dismissed. Moreover, these are not duplicative claims, and we find, contrary to the motion court, that plaintiffs' motion to dismiss the part of the counterclaim that alleges breach of the implied duty of good faith and fair dealing should be denied as well.
The breach of the implied duty part of the counterclaim is based on allegations that plaintiffs refused to advance more than $6,806,725 in business interruption coverage until an appraisal panel awarded more than double that amount, and refused to pay the full amount of the property damage claim as determined by the appraisal panel (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 196 [2008]). This part of the counterclaim seeks consequential damages to account for the delayed reconstruction of defendants' plant and for the attorneys' fees caused by plaintiffs' delayed interim payments or denial of payments. It may proceed, because, given the "purpose and particular circumstances of the [property damage and business interruption policies]" (id. at 193; see also id. at 194-195), it was foreseeable that excessive delay would cause defendants to incur, as alleged, tens of millions of dollars in uncovered business interruption losses and attorneys' fees necessary to recover therefor (see id. at 192).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK